IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WARREN WAKE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1316-M |
| | § | |
| HARLEY G. LAPPIN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

On April 27, 2006, Warren Wake, along with 14 other inmates at FCI Seagoville, filed a 130-page complaint challenging the conditions of their confinement on a variety of constitutional grounds. Citing "the impracticalities and inherent difficulties of allowing Plaintiffs to proceed jointly," the presiding judge dismissed the joint complaint without prejudice and directed the clerk to open new civil actions for each plaintiff. Wake and the other plaintiffs were ordered to file separate complaints asserting their individual claims and either pay a $250.00 filing fee or submit an application to proceed *in forma pauperis* within 30 days, or by August 24, 2006. *Beaird v. Lappin*, No. 3-06-CV-0967-L, 2006 WL 2051034 at *4 (N.D. Tex. Jul. 24, 2006). The judge warned each plaintiff that "failure to comply with this order may result in his action being dismissed." *Id.*

To date, Wake has not filed his own complaint, paid the $250.00 filing fee, or sought leave to proceed *in forma pauperis*. The court therefore determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Wake was fully aware of his responsibility to file a separate complaint and either pay the $250.00 filing fee or seek leave to proceed *in forma pauperis*. The July 24, 2006 order notified Wake of his obligations in this regard and warned that failure to comply would result in the dismissal of his claims. Because Wake has not complied with the order or otherwise communicated with the court, this case should be dismissed.

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE